IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGINALD J.,[1] ) <br> ) <br>       **Plaintiff,** ) <br> ) <br>   v. ) <br> ) <br> **MARTIN J. O'MALLEY,** ) <br> **Commissioner of Social Security,**[2] ) <br> ) <br>       **Defendant.** ) <br> ) | No. 22 C 6459 <br><br> Magistrate Judge <br> Daniel P. McLaughlin |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Reginald J.'s claim for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [16] is denied, and the Commissioner's cross-motion for summary judgment [23] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Martin J. O'Malley has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On December 26, 2019, Plaintiff filed a claim for SSI, alleging disability since August 1, 1996. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on November 19, 2021, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") and Plaintiff's sister also testified.

On March 29, 2022, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the application date of December 26, 2019. At step two, the ALJ concluded that Plaintiff had the following severe impairments: borderline intellectual functioning and dysthymic disorder. The ALJ concluded at

step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following nonexertional limitations: can understand, remember, and carry out short, simple instructions and can sustain concentration to perform simple routine tasks; can adapt to routine changes and pressures in the work setting; can interact occasionally with coworkers and supervisors performing job duties that do not involve tandem tasks or teamwork; and should have no more than incidental contact with the public. At step four, the ALJ determined that Plaintiff has no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I.  ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff

3

presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even

in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision

5

must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to properly evaluate Plaintiff's claims for benefits by failing to apply the res judicata and collateral estoppel doctrines; (2) the ALJ failed to properly evaluate Listing 12.05; and (3) the ALJ failed to reconcile the RFC with the opinions from Drs. Jackson and Tin, whose opinions he relied on and found generally persuasive. Each argument will be addressed below in turn.

### A. Res Judicata and Collateral Estoppel

For his first argument, Plaintiff contends that "the ALJ failed to apply the res judicata and collateral estoppel doctrines by finding Plaintiff not disabled after Social Security had already deemed Plaintiff to be disabled in the past, and his benefits were only stopped due to his incarceration, not because of any improvement." ([17] at 8.) Pertinent to that assertion, Plaintiff concedes, as he must, that "[s]ubsequent to his incarceration, Plaintiff re-applied for benefits." (*Id.* at 9.) Thus, the period at issue was between December 2019 (when Plaintiff applied) and the date of the ALJ's decision in March 2022. This period had never been adjudicated before and the question of disability was a new issue. Accordingly, Plaintiff's arguments predicated on res judicata and collateral estoppel are unavailing. *See Rucker v. Chater*, 92 F.3d 492, 495 (7th Cir. 1996) ("The first ALJ's finding was a binding determination with respect to Rucker's eligibility for

6

disability benefits for that time period. It has no effect, however, on an application for disability benefits for a subsequent time period."); *Nancy E. v. Kijakazi*, No. 22 CV 4965, 2023 WL 8357920, at *6 (N.D. Ill. Dec. 1, 2023) ("[T]he decision subject to review here relates to the time period beginning the day after the prior SSA decision, and the previous decision is not entitled to any degree of deference. . . . As such, a remand is not warranted on this basis."). Though Defendant raises these points in his memorandum, Plaintiff makes no attempt to rebut them in his reply. ([25] at 1 ("Plaintiff deems no reply necessary.").)

As part of his first argument, Plaintiff contends that "there is no evidence that [his] condition improved" after he was incarcerated. ([17] at 10.) However, the ALJ was not evaluating whether Plaintiff's disability continued. It had already ceased. The ALJ was considering whether Plaintiff was disabled during a new period based on a new application, and, therefore, the ALJ properly did not evaluate medical improvement. Defendant raises these points in his memorandum but, again, Plaintiff makes no attempt to rebut them in his reply. Plaintiff also makes no attempt to revive his argument that the ALJ erroneously did not "add Plaintiff's prior file to his current file in adjudicating the current claim." (*Id.* at 9.) That contention is unavailing because the ALJ was not obligated to consider evidence from the prior file because the application did not involve collateral estoppel or res judicata. Further, the ALJ ordered new testing following the hearing and that testing resulted in a valid estimate of Plaintiff's intellectual functioning during the

7

relevant period. For these reasons, the Court must reject Plaintiff's arguments predicated on res judicata and collateral estoppel.

### B. Listing 12.05

Plaintiff opens his second argument by contending that, "[i]n evaluating Plaintiff's functioning within Listing 12.05, the ALJ failed to rely on substantial evidence, which instead supports a finding that Plaintiff met such Listing and should have been found disabled." ([17] at 10.) Plaintiff closes his second argument by contending that "the evidence supports a finding that Plaintiff did, in fact, meet the Listing." (*Id.* at 13.) These general assertions plainly amount to an impermissible request that the Court reweigh the evidence. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). Along the same lines, the Court must reject Plaintiff's specific argument concerning Paragraph A of Listing 12.05 that certain "evidence makes clear that Plaintiff was, indeed, disabled according to Listing 12.05A." ([17] at 12.) Concerning Paragraph B of Listing 12.05, the Court must also reject Plaintiff's contention that certain "evidence indicated greater limitations than the ALJ accounted for, which caused at least marked limitations within the four domains and would have led to a finding that Plaintiff was disabled according to Listing 12.05B." (*Id.* at 13.) *See Amber C. v. O'Malley*, No. 23-CV-50302, 2024 WL 4567613, at *4 (N.D. Ill. Oct. 24, 2024) ("Plaintiff's objections to the ALJ's Paragraph B conclusions are simply invitations to reweigh the evidence which this Court cannot do."); *John P. v. O'Malley*, No. 23 C 3456, 2024 WL 621615, at *5 (N.D. Ill. Feb. 14, 2024) ("Reweighing the evidence in relation to the paragraph B

8

criteria is an endeavor this Court cannot undertake."). Accordingly, Plaintiff's arguments regarding Listing 12.05 are unavailing.

### C. The Opinions of Drs. Jackson and Tin

Plaintiff's third argument boils down to his assertion that the ALJ "failed to reconcile the RFC with the more restrictive limitations in [the] opinions" of the State agency psychologists. ([17] at 13.) In his decision, the ALJ assessed the State agency psychologists' opinions as follows:

> The only opinion evidence in the record are the findings of the State Disability Determination Services (DDS) psychologists. At both the initial and reconsideration levels, the DDS psychologists found the claimant was capable of low-stress, simple, routine, and unskilled tasks of 1-2 steps, in an environment with limited public interaction and verbal on-the-job training instructions. The undersigned finds these generally persuasive, as they are consistent with the claimant's low scores on intelligence testing and his borderline intellectual functioning diagnosis. However, the undersigned finds a limitation to 1-2 step tasks and tasks with only verbal instructions are unpersuasive. His mental status exams generally showed intact concentration and memory, while he was able to obtain a driver's license and graduate high school. He reported to Dr. Langgut that he could cook and do laundry. All of these are inconsistent with a limitation to only 1-2 step tasks and verbal directions.

(R. 24 (citations omitted).)

Plaintiff's argument appears to be predicated on the mistaken belief that – because the ALJ found the State agency psychologists' opinions "generally persuasive" – he was required to adopt all of the psychologists' opined limitations. That is not the case. *See Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007) ("[A]n ALJ must consider the entire record, but the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions any of the claimant's physicians."); *Reyes v. Colvin*, No. 14 C 7359, 2015 WL 6164953, at *13

9

(N.D. Ill. Oct. 20, 2015) ("The rule in this circuit is that 'an ALJ may choose to adopt only parts of [a medical] opinion.'") (citations omitted). Further, the Court finds that the ALJ sufficiently explained how he assessed the psychologists' opinions and why he did not to adopt the 1-2 step task restriction. *See Falls v. Berryhill*, No. 17 C 2805, 2018 WL 5839955, at *8 (N.D. Ill. Nov. 7, 2018) ("The ALJ's omission of the consultants' one-to-two step task and 'brief and superficial' contact restrictions does not require remand. The ALJ was not obligated to adopt every restriction offered by the state agency consultants."); *Carrie B. v. Kijakazi*, No. 20-CV-5465, 2022 WL 1228194, at *3 (N.D. Ill. Apr. 26, 2022) ("The Court also rejects the Plaintiff's argument the ALJ erred in not including a limitation to 1-2 step tasks. The ALJ was not required to entirely adopt the findings of the state agency medical consultant."). Accordingly, Plaintiff's argument concerning the opinion evidence is unavailing.

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion for summary judgment [16] is denied, and the Commissioner's cross-motion for summary judgment [23] is granted.

**SO ORDERED.**                                    **ENTERED:**

**DATE:** ___December 16, 2024___        _____
                                                   **HON. DANIEL P. McLAUGHLIN**
                                                   **United States Magistrate Judge**